Case No: 1:08cv616
Case 1:08-cv-00616-LY   Document 39   Filed 05/12/2009   Page 1 of 5
Filed: 05/11/09
Doc. #38

FILED
2009 MAY 12 PM 1:42
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HUBBELL INCORPORATED,
A Connecticut Corporation and
HUBBELL BUILDING AUTOMATION, INC.,
A Texas Corporation,

    Plaintiffs,

v.

THE WATT STOPPER, INC.,
A California Corporation,

    Defendant.

CAUSE NO. A-08-CV-616-LY

### ▆▆▆▆▆▆ JOINT SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order.

IT IS ORDERED THAT:

1. On or before **July 1, 2009**, the Plaintiff/Counter-Defendant shall file and serve amended pleadings to include the amendments agreed to between the parties in the initial discovery period, which ended April 29, 2009. On or before **July 15, 2009**, the Defendant/Counter-Plaintiff shall file and serve responsive pleadings and counterclaims, including the amendments agreed to between the parties in the initial discovery period, which ended April 29, 2009. On **July 29, 2009**, the Plaintiff/Counter-Defendant shall file and serve responsive pleadings to the Defendant's amended counterclaims.

2. On **June 1, 2009**, all parties may begin taking depositions concerning the issues believed, in good faith, to be relevant to the *Markman* hearing. By June 15, 2009 each party shall make available for deposition under Fed. R. Civ. P. 30(b)(6) one or more technically trained witnesses who will be familiar with the construction and operation of the products in suit that are made, sold, or offered for sale by the company for which the

witness represents. The examining party will notify the witness at least four business days in advance of the deposition of the exhibits to be used in connection with the deposition. The parties have agreed that such depositions are expected to take no more than four hours for each side and may include a deposition of 1-2 witnesses at the same deposition.

3. Beginning **June 1, 2009**, the parties may serve limited discovery in the form of interrogatories, document requests, and requests for admission concerning the issues relevant to the *Markman* hearing. The discovery should be focused and limited to matters that the parties believe, in good faith, are necessary for a full and fair presentation of the issues to be addressed at the *Markman* hearing. To the extent that a party believes that any requested discovery goes beyond the discovery reasonably needed to identify and/or present the issues to be addressed at the *Markman* hearing, that party shall first try to resolve the issue through discussions with the opposing party. In the event that such discussions are not able to resolve the issue, the party may seek a Protective Order prohibiting, limiting, or placing conditions on the requested discovery.

4. On or before **July 1, 2009**, the Patent Owner (i.e., plaintiff and counter-plaintiff) shall provide an initial disclosure of asserted claims and infringement contentions, which will include: (i) each claim of each patent that are believed, in good faith, will be asserted against the Accused Party (i.e., defendant and counter-defendant) in this action; (ii) for each identified claim, an identification of each accused apparatus, product, device, process, method, act, or instrumentality ("Accused Products") that the Patent Owner believes, in good faith, infringes; and (iii) a chart identifying specifically where each element of each identified claim is found within each Accused Product. Each Patent Owner shall have the right to supplement and amend its initial disclosure of asserted claims and infringement contentions.

5. On or before **July 15, 2009**, the Accused Party shall provide initial invalidity contentions, which will include: (i) the identity of each item of prior art that it believes in good faith allegedly anticipates each asserted claim or renders it obvious; (ii)

a statement as to whether each item of identified prior art anticipates each identified claim or renders it obvious; (iii) a chart identifying where specifically in each item of identified prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (iv) any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims. Each Accused Party has the right to supplement and amend its initial invalidity contentions.

6. The purpose of the initial disclosures set forth in Paragraph 4 and 5 is to allow the parties to identify the claim construction issues that may exist in this matter so that the parties and the Court can engage in a meaningful construction of the limitations at issue in a *Markman* hearing to be held accordance with the Supreme Court's opinion in *Markman v. Westview,* 517 U.S. 370, 372 (1996) (claim construction is an issue for the Court).

7. On or before **July 31, 2009**, the parties shall have completed mediation with a mutually agreeable mediator. All parties or party representatives shall be present at the mediation. Where attendance of a party is required, a party other than a person satisfies the attendance requirement if it is represented by a person or persons, other than outside or local counsel, with authority to enter into stipulations, with reasonable settlement authority, and with sufficient stature in the organization to have direct access to those who make the ultimate decision about settlement.

8. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **August 7, 2009**.

9. The parties shall work together to timely identify to each other any witnesses that will be called to testify at the *Markman* hearing and to arrange for the

depositions of such witnesses, if desired by the party not calling such witnesses, prior to the hearing.

10. On or before **August 14, 2009**, the parties shall meet and confer in an attempt to identify those claim terms in the patent-in-suit that will require construction by the Court.

11. On or before **September 11, 2009**, each side shall file an opening claim construction brief, which shall not exceed thirty-five (35) pages in length, excluding exhibits and attachments.

12. On or before **October 9, 2009**, each side shall file a response brief on claim construction, which shall not exceed thirty-five (35) pages in length, excluding exhibits and attachments.

13. On or before **October 23, 2009**, each side shall file a reply brief on claim construction, which shall not exceed ten (10) pages in length.

14. On or before **October 30, 2009,** the parties shall meet, confer, and attempt to reduce the number of issues for the *Markman* hearing, and shall exchange any exhibits intended to be relied upon for the hearing. Also, no later than **November 6, 2009**, the parties shall jointly: (1) file an agreed claim construction chart that identifies the claim terms on which there is no dispute among the parties and provides the construction of each agreed term for which construction is deemed necessary; and (2) file a second claim construction chart that identifies each of the disputed claim terms along with the parties' proposed construction of each term. No citations to evidence or legal authorities should be included as part of either of these two charts.

15. This case is set for a technical tutorial hearing on **Thursday, November 12, 2009 at 2:00 p.m.** in Courtroom 1, on the Second Floor of the United States Courthouse, 200 West Eighth Street, Austin, Texas. The parties should be prepared to explain the technical background of the patents, the problems the patent addresses, and how the patent performs to resolve these problems.

16. This case is set for a *Markman* hearing on **Friday, November 13, 2009 at 9:00 a.m.** in Courtroom 1, on the Second Floor of the United States courthouse, 200 West Eighth Street, Austin, Texas.

17. The Court will enter a supplemental scheduling order that sets the trial date and other relevant dates after it enters its *Markman* order.

18. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties **fourteen days after the Court enters its *Markman* order**, and each opposing party shall respond, in writing, **twenty-one days after the Court enter its *Markman* order**. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

Signed May 12, 2009.

Lee Yeakel
United States
District Judge